IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TRUSTEES OF THE GLAZIERS, ARCHITECTURAL METAL AND GLASS WORKERS LOCAL UNION NO. 27 WELFARE AND PENSION FUNDS, | ) ) ) ) ) ) | No. 20 CV 1632 |
| Plaintiffs, | ) ) | JUDGE |
| v. | ) ) | MAGISTRATE |
| R&R VISION GLASS, LLC, an Illinois Limited Liability Corporation, | ) ) ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiffs, by their attorneys, DONALD D. SCHWARTZ, GRANT R. PIECHOCINSKI, and ARNOLD and KADJAN LLP, complain against Defendant, **R&R VISION GLASS, LLC,** as follows:

1. (a) Jurisdiction of this cause is based on Section 301 of the National Labor Relations Act, 29 U.S.C. Section 185 (a) as amended.

(b) Jurisdiction of this cause is based upon Section 502 of the Employee Retirement Security Act of 1974, 29 U.S.C. Section 1132, 1145 ("ERISA"), as amended.

2. Venue is founded pursuant to 29 U.S.C. Section 1132 (e)(2) in this District where the Funds, as described in Paragraph 3, are administered.

3. (a) The Plaintiffs in this count are the TRUSTEES OF THE GLAZIERS, ARCHITECTURAL METAL AND GLASS WORKERS LOCAL UNION NO. 27 FRINGE BENEFIT FUNDS ("the Funds"), and have standing to sue pursuant to 29 U.S.C. Section 1132(d)(1).

1

(b) The Funds have been established pursuant to Collective Bargaining Agreement previously entered into between the Glaziers Union Fringe Benefit Funds and its affiliated locals (the "Union") and certain employer associations whose employees are covered by the collective bargaining agreement with the Union.

(c) The Funds are maintained and administered in accordance with and pursuant to the provisions of the National Labor Relations Act, as amended, and other applicable state and federal laws and also pursuant to the terms and provisions of the agreements and Declarations of Trust which establish the Funds.

4. Defendant, **R&R VISION GLASS, LLC,** is a limited liability corporation authorized to do business in Illinois and is an employer engaged in an industry affecting commerce.

5. Since on or before September 29, 2019, **R&R VISION GLASS, LLC** entered into a Collective Bargaining Agreement with the Union pursuant to which it is required to pay specified wages and to make periodic contributions to the Funds on behalf of certain of its employees. (Exhibit A – Memorandum of Agreement)

6. By virtue of certain provisions contained in the Collective Bargaining Agreement, **R&R GLASS, LLC** is bound by the Trust Agreement establishing the Funds.

7. Under the terms of the Trust Agreements to which it is bound, **R&R VISION GLASS, LLC** is required to make contributions to the Funds on behalf of their employees.

8. The terms of the Collective Bargaining Agreement and the Trust Agreements required **R&R VISION GLASS, LLC** to submit all necessary books and records to Plaintiff's accountant for the purpose of determining whether or not it was in compliance with its obligation to contribute to the Funds, when given reasonable notice by Plaintiffs.

**COUNT I - AUDIT**

9. Upon information and belief, Plaintiffs are advised that **R&R VISION GLASS, LLC** has breached the provisions of the Labor Agreement and Trust Agreement by paying some but failing to pay all of the contributions owed to the Funds for the audit period of September 2019 through the present.

10. Plaintiffs have been required to employ the undersigned attorneys and their law firm to collect the monies that may be found to be due and owing from **R&R VISION GLASS, LLC**.

11. **R&R VISION GLASS, LLC** is obligated to pay the attorneys' fees and court costs incurred by the Plaintiffs pursuant to the Labor Agreement, the Trust Agreements, and 29 U.S.C. § 1132(g)(2)(D).

12. Pursuant to 29 U.S.C. § 1132(g)(2)(C), Plaintiffs are entitled to an amount equal to the greater of:

   (i) interest on the unpaid contributions; or

   (ii) liquidated damages provided for under the Trust Agreements not in excess of 20% of the amount that is due.

**WHEREFORE**, Plaintiffs pray for relief as follows:

A. This Court order **R&R VISION GLASS, LLC** to submit all necessary books and records to Plaintiff's accountant for the purpose of determining whether or not it is in compliance with its obligation to contribute to the Funds for an audit for the period of September 2019 through the present.

B. That judgment be entered in favor of Plaintiffs and against Defendant **R&R VISION GLASS, LLC** in the amount shown to be due on the above audit.

C. This Court enjoin **R&R VISION GLASS, LLC** from violating the terms of the collective bargaining agreement and Trust Agreement by failing to make timely payments to the Funds and **R&R VISION GLASS, LLC** be ordered to resume making those payments.

D. Plaintiffs be awarded their costs herein, including reasonable attorneys' fees and costs incurred in the prosecution of this action, together with all liquidated damages owed in this action, including those based on tardily submitted reports in the amount of up to 20%, all as provided in the applicable agreements and ERISA § 502(g)(2).

E. This Court grant Plaintiffs such other and further relief as it may deem appropriate under the circumstances.

## COUNT II – CONTRIBUTION REPORTS

13. Plaintiffs repeat and realleges paragraphs 1-12 as if they were restated fully herein.

14. The Collective Bargaining Agreement and Trust Agreements require **R&R VISION GLASS, LLC** to pay fringe benefit contributions on behalf of individuals performing work covered under CBA.

15. **R&R VISION GLASS, LLC** breached the terms of the CBA and Trust Agreements by failing to remit all of the required contributions on the monthly contribution reports for the period of September 2019 to the present.

16. Pursuant to 29 U.S.C. Section 1132(g)(2)(C), Plaintiffs are entitled to an amount equal to the greater of:

  (i)  interest on the unpaid contributions; or

  (ii)  liquidated damages provided for under the Trust Agreements not in excess of 20% of the amount that is due.

**WHEREFORE,** Plaintiffs pray for relief as follows:

  A.  Judgment be entered against **R&R VISION GLASS, LLC** in the amount owed on monthly contribution reports for the period of September 2019 to the present.

  B.  Plaintiffs be awarded their costs herein, including reasonable attorneys' fees and costs incurred in the prosecution of this action, together with liquidated damages in the amount of 20%, all as provided in the applicable agreements and ERISA Section 502(g)(2).

  C.  This Court grant Plaintiffs such other and further relief as it may deem appropriate under the circumstances.

                Respectfully submitted,

                **TRUSTEES OF THE GLAZIERS, LOCAL UNION NO. 27 WELFARE & PENSION FUNDS**

                By: s/ Grant R. Piechocinski
                  One of their Attorneys

Donald D. Schwartz
Grant R. Piechocinski
ARNOLD AND KADJAN, LLP
35 East Wacker Drive, Suite 600
Chicago, Illinois 60601
(312) 236-0415